NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR LEYVA-HERNANDEZ, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 16-70448 Agency No. A096-221-514 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Cesar Leyva-Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny the petition for review.

The BIA did not err or abuse its discretion in denying Leyva-Hernandez's motion to reopen, based on ineffective assistance of counsel, for failure to demonstrate prejudice, where he has not explained how he might have successfully challenged the BIA's prior decision before this court had the prior petition been timely filed. *See* 8 C.F.R. § 214.14(c) (outlining procedures to apply for a U Visa); *Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) (to demonstrate prejudice, alien must show counsel's performance was so inadequate that it may have affected the outcome of proceedings). In light of this determination, Leyva-Hernandez's motion to take judicial notice (Docket Entry No. 19) is denied.

The BIA also did not err in declining to reopen based on Leyva-Hernandez's contention that his former attorney was ineffective for failing to seek prosecutorial discretion, where prosecutorial discretion is under the authority of the Department of Homeland Security. *See Hernandez-Mancilla*, 633 F.3d at 1182 (finding no ineffective assistance of counsel due process violation, where the actions of counsel occurred outside the context of removal proceedings).

Any errors in the BIA's decision are harmless. *See Vides-Vides v. INS*, 783 F.2d 1463, 1469 (9th Cir. 1986) (as amended) (applying the harmless error

standard to agency's procedural error).

**PETITION FOR REVIEW DENIED.**